UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)

## ORDER RE: PLAINTIFF'S MOTION TO STRIKE AND TO LIMIT COMMUNICATION WITH A POTENTIAL CLASS [41]

### I.   INTRODUCTION

Pending before this Court is a motion filed by Plaintiff Leslie Javine seeking court intervention. (Dkt. No. 41.) Plaintiff seeks relief for what she characterizes as Defendant's "improper scheme to mislead and coerce putative class members to not participate" in Plaintiff's class action lawsuit. (Pl.'s Mot. at 3.) Specifically, Plaintiff seeks to void potential class members' declarations, settlement agreements, and notices opting out of communications with Plaintiff. Plaintiff contends that Defendant fraudulently induced actions contrary to the potential class's interests by exerting undue influence as well as mischaracterizing the nature of certain documents.

Accordingly, Plaintiff asks that this Court: (1) limit Defendant's communication with potential class members regarding this suit; (2) disregard any declarations, settlement agreements, and arbitration agreements solicited by Defendant and signed by potential class members; (3) issue a corrective notice to potential class members advising them of their right to participate in the litigation without reprisal by Defendant and without limitation by the aforementioned documents, which are legally void; and (4) require Defendant to disclose the contact information of all potential class members so that Plaintiff may communicate with them. After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *Se* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

## II. BACKGROUND

On October 9, 2013, Plaintiff filed a class action complaint against Defendant in this Court. (Dkt. No. 1.) Beginning in December 2013, Defendant organized staff meetings at which Defendant's management discussed the litigation with potential class members, Defendant's employees. (Pl.'s Mot. at 1; Def.'s Opp. at 3.) In early 2014, Defendant circulated voluntary declaration forms by which some employees disavowed the claims Plaintiff advances in her complaint. (Pl.'s Mot. at 1–2; Def.'s Opp. at 4–5; Baltodano Decl. Exs. O–Q.) Defendant offered to settle with those employees who responded, and some accepted this offer. (Pl.'s Mot. at 2; Def.'s Opp. at 5.)

During discovery, Defendant disclosed the declarations to Plaintiff. (Pl.'s Mot. at 2.) Plaintiff then attempted to depose the declarants by serving notice on Defendant. (Pl.'s Mot. at 2.) Defendant refused to accept service on behalf of its employees and also refused Plaintiff's request for employees' personal contact information without affording the employees an opportunity to withhold their information, or "opt out," through a *Belaire* notice. (Pl.'s Mot. at 2.)

On September 11, 2014, an unaffiliated third party mailed the *Belaire* notice to Defendant's employees. (Pl.'s Mot. at 2–3.) Defendant emailed correspondence to its employees on September 12, 2014, attaching the notice and informing employees that they retained the right to maintain their privacy by opting out. (Baltodano Decl. Ex. D at 19-10.) All employees opted out except two, (Pl.'s Mot. at 3), one of whom intended to opt out but misplaced his notice, (Hidle Decl. ¶ 4). Plaintiff directly attributes the employees' lack of cooperation to Defendant's communications, which Plaintiff alleges confused and misled the potential class. (Pl.'s Mot. at 3.)

On November 17, 2014, Plaintiff filed this motion to strike certain documents and to limit Defendant's communications. (Dkt. No. 41.) Defendant opposed the motion on November 24, 2014, with multiple declarants countering Plaintiff's claims. (Dkt. Nos. 49–54.) Plaintiff replied on December 1, 2014 and objected on evidentiary grounds to portions of declarations Defendant submitted in support of its opposition. (Dkt. Nos. 55–56.) The Court now considers Plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

## III. EVIDENTIARY OBJECTIONS

As a threshold matter, Plaintiff objects on various grounds to evidence offered by Defendant in opposition to this motion. (Dkt. No. 56.) Specifically, Plaintiff objects to certain statements of potential class members Casey Hidle, Michael Duerson, and Chad Robertson; Defendant's General Manager Chris Javine; and Defendant's counsel Sean McLoughlin. (Dkt. No. 56.) In general, however, Plaintiff's objections are merely "boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Doe v. Starbucks, Inc.*, No. 08-0582, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009). Because Plaintiff's objections to the declarations by potential class members raise similar issues, the Court will consider these objections together. The Court will then separately consider Plaintiff's objections to declarants Javine and McLoughlin.

### A. Objections to the Declarations of Casey Hidle, Michael Duerson, and Chad Robertson

Plaintiff's objections to Hidle, Duerson, and Robertson's declarations relate to their statements regarding Plaintiff's motives as well as the declarants' own levels of understanding regarding the litigation. Specifically, all three attest that they understood the legal implications of both the initial declarations solicited by Defendant as well as— in Duerson and Robertson's cases—the settlement and arbitration agreements they accepted. All three also indicate that they understood that they could participate in Plaintiff's action without retaliation by Defendant. Duerson and Robertson testified further that they understood that Collete Hillier attended their depositions as their personal representative and not as Defendant's counsel.

Plaintiff lodges numerous objections to these declarations on the basis that they constitute improper opinion testimony, lack foundation, and lack personal knowledge. These objections are meritless to the extent that the statements objected to regard the declarants' own states of mind. The declarants have sufficient personal knowledge to testify as to their own experiences, including, for example, their understanding of statements made at meetings they attended and of the significance of Chris Javine's presence. To the extent that these declarants provide speculative testimony regarding Plaintiff's motives, the likelihood of success of Plaintiff's claims, or legal conclusions in

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

general, the Court does not consider such testimony, making the objections to these statements moot. Plaintiff's objections are therefore **OVERRULED**.

### B. Objections to the Declaration of Chris Javine

Next, Plaintiff objects to portions of Chris Javine's declaration on the grounds that the statements lack personal knowledge, lack foundation, and constitute improper opinion testimony. Javine was deposed pursuant to Federal Rule of Civil Procedure 30(b)(6) as the person most knowledgeable of Defendant. To the extent that Javine's testimony relates to company meeting proceedings, Defendant's company decisions, and Defendant's motivations, Javine is competent to testify about such matters as Defendant's Rule 30(b)(6) designee. *See* Fed. R. Civ. P. 30(b)(6) (stating that a witness designated under this Rule is to testify "about information known or reasonably available to the organization"); *Rosales v. El Rancho Farms*, No. 1:09-CV-00707-AWI, 2011 WL 2433352, at *4 (E.D. Cal. June 13, 2011) ("Rule 30(b)(6) depositions 'are often referred to as "persons most knowledgeable" or "persons most qualified" depositions because the notice of deposition or subpoena is directed at the entity itself,' which obligates the entity 'to produce the "most qualified" person or persons to testify on its behalf.'" (quoting *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 798 n.4 (9th Cir. 2003))). Plaintiff's objections on those grounds are therefore **OVERRULED**.

Plaintiff also objects to Javine's testimony regarding employees' responses to the voluntary declaration Defendant provided. (Dkt. No. 56 at 24.) Specifically, Javine testifies that "[t]he employees who did return their answers to the company generally indicated that they were working in compliance with their 24 hour shift agreements and were taking their meal and rest breaks." (Dkt. No. 56 at 24.) The record reflects that employees recorded their answers on a declaration form that allowed them only to affirm or deny prewritten statements in whole. To the extent that Javine's statement merely summarizes the aggregate of employees' recorded yes or no answers, Plaintiff's objections are **OVERRULED** because Javine has personal knowledge having received and reviewed the declarations himself.

Case 2:13-cv-07480-BRO-SS Document 70 Filed 12/12/14 Page 5 of 10 Page ID #:2524

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

### C. Objections to the Declaration of Sean McLoughlin

Finally, Plaintiff objects to a number of defense counsel Sean McLoughlin's descriptions of exhibits attached in support of Defendant's opposition, as well as Mr. McLoughlin's characterization of Plaintiff's request for employees' contact information as a discovery motion. Because the Court does not rely on Mr. McLoughlin's testimony in considering these matters, however, these objections are **OVERRULED** as moot.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 23(d) allows a district court to issue orders that "impose conditions on the representative parties [or] deal with similar procedural matters." Fed. R. Civ. P. 23(d). Accordingly, the Supreme Court has held that district courts have "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). Yet the majority view remains "[i]n a Rule 23 class action [that] pre-certification communication from the defense to prospective plaintiffs is generally permitted." *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002); *accord Quezada v. Schneider Logistics Transloading & Distribution*, No. CV 12-2188 CAS (DTBx), 2013 WL 1296761, at *4 (C.D. Cal. Mar. 25, 2013); *Maddock v. KB Homes, Inc.*, 248 F.R.D. 229, 236 (C.D. Cal. 2007). Any orders limiting communications between parties and potential class members "should be based on a clear record and specific findings that reflect a weighing of the need for the limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101; *cf. Domingo v. New England Fish Co.*, 727 F.2d 1429, 1439 (9th Cir. 1984) (reversing a district court order limiting communication with potential class members because the district court failed to make specific findings of potential abuse).

While some "[c]ourts have limited pre-certification communications with potential class members after misleading, coercive, or improper communications were made," *Mevorah v. Wells Fargo Home Mortg.*, No. 05-1175, 2005 WL 4813532, at *3 (N.D. Cal. Nov. 17, 2005), courts "may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened," *Gulf Oil*, 452 U.S. at 102 (quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1997)). Any limitations

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

imposed must also be consistent with the "narrowest possible relief which would protect the respective parties." *Gulf Oil*, 452 U.S. at 102 (quoting *Coles*, 560 F.2d at 189).

## V. DISCUSSION

### A. Plaintiff's Application for Court Intervention

Plaintiff seeks relief from the Court claiming that Defendant confused and misled potential class members. Plaintiff asserts that Defendant's improper tactics have caused numerous potential class members to execute declarations contrary to their interests, to settle meritorious claims prematurely, and to opt out of future communications with Plaintiff. Plaintiff argues that, in each of these instances, potential class members misunderstood their rights as beneficiaries of the suit, feared Defendant's retaliation for their participation, and fundamentally failed to grasp the legal implications of the declarations, settlement agreements, and *Belaire* notice[1] opt-outs Defendant solicited.

As her support, Plaintiff points to Defendant's written statements and declarations. Specifically, Plaintiff objects to Defendant's characterization of sworn declarations as "questionnaires," to the settlement agreements entered into by potential class member declarants, and to Javine's email explaining that recipients could protect their privacy by opting out via the *Belaire* notice. Plaintiff also argues that Javine's presence at Plaintiff's depositions of potential class members was inappropriate and risked intimidating

---

[1] The term "*Belaire* notice" refers to an opt-out notice that was sent to potential class members in *Belaire–West Landscape Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557 (Cal. Ct. App. 2007), to inform them of the lawsuit and explain that if they did not want to have their contact information sent to plaintiff's counsel, they could complete and return an enclosed post card. The court in *Belaire* found this notice to be appropriate where the trial court "properly evaluated the rights and interests at stake, considered the alternatives, balanced the competing interests, and permitted the disclosure of contact information regarding [defendant]'s current and former employees unless, following proper notice, they objected in writing to the disclosure." *Id.* at 562. The court further held that such notice did not present a serious invasion of potential class members' privacy interests. *Id.*; *see also Franco v. Bank of Am.*, No. 09CV1364-LAB BLM, 2009 WL 8729265, at *2 (S.D. Cal. Dec. 1, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

deponents,[2] and that deposed employees indicated that Defendant's communications left them confused.

For all of these reasons, Plaintiff argues that she is entitled to relief because Defendant has misled the class, fraudulently inducing them to undermine their interests and to spoil Plaintiff's class action litigation.

### B. Plaintiff Has Failed to Demonstrate that Defendant's Actions Warrant Court Intervention

Plaintiff has failed to demonstrate that Defendant acted improperly. Courts consider several factors in analyzing whether pre-certification communications are "sufficiently deceptive or coercive to warrant relief . . . including whether the employer adequately informed the employees about: (1) the details underlying the lawsuit, (2) the nature and purpose of the communications, and (3) the fact that any defense attorneys conducting the communications represent the employer and not the employee." *Quezada*, 2013 WL 1296761, at *4 (internal citations omitted). As discussed further below, Plaintiff has failed to provide a sufficient factual basis for the Court to conclude that Defendant's communications were misleading and that restrictions on party communication are warranted.

#### 1. First Factor: Plaintiff Has Not Shown that Defendant Inadequately Informed Employees of the Lawsuit

First, all deponents indicate that Defendant clearly apprised its employees of the lawsuit as well as their beneficiary status as potential class members. (Baltodano Decl., Ex. W at 45–47, Ex. X at 58, Ex. Z at 22.) Moreover, Chris Javine testified that he, along with other officers, told employees that a former paramedic was suing the company "challenging the way [Defendant] paid and scheduled its paramedics and EMTs . . . on behalf of all current paramedics and EMTs." (Javine Decl. ¶ 3.) It is clear from the

---

[2] While the Federal Rules do not specify who is entitled to attend a deposition, "the officers or a designated representative of a corporate party ordinarily have the right to attend." Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial § 11 (2014). Absent a protective order, which Plaintiff did not request, Javine is entitled to attend depositions as Defendant's officer. *Id.* § 11:1533.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

record that Defendant took every effort to detail the lawsuit to its employees, and Plaintiff proffers no convincing evidence to the contrary.

### 2. Second Factor: Plaintiff Has Not Shown that Defendant Obfuscated the Nature and Purpose of Defendant's Communications or the Legal Documents to Which Plaintiff Objects

Second, Plaintiff has failed to produce evidence contradicting declarants' statements that Defendant communicated and they understood the nature and purpose of Defendant's communications. The Court will address the declarations, settlement agreement, and opt-out notices separately.

#### i. Declarations

The declaration itself provides compelling evidence that Defendant effectively communicated its nature and purpose, as the form clearly states that it is a "declaration" given "freely and voluntarily" and "truthfully under penalty of perjury." (Baltodano Decl., Ex. D at 19-2.) Mr. Javine's email also makes it clear that the declaration's purpose is to "help" Defendant in its lawsuit. (Baltodano Decl., Ex. D at 19-1.) And all declarants indicate that they completed the declaration with full knowledge of what they were signing. (Hidle Decl. ¶ 3; Duerson Decl. ¶ 4; Robertson Decl. ¶ 5.) While the declarants appeared more hesitant in Plaintiff's depositions, (Baltodano Decl., Ex. W at 47, Ex. X at 45–46, Ex. Y at 38–39, Ex. Z at 38), at no point does the deposition testimony undermine declarants' explicit affirmations to this effect. Moreover, Plaintiff has not shown that Javine's reference to the declaration as a "questionnaire" was intended to mislead recipients. The Court will not speculate as to Javine's intentions, but a layman avoiding legalese in his communications is not a prima facie cause for concern.

These facts distinguish this case from *Quezada*, where a district court invalidated 106 declarations solicited from potential class members by their defendant employer. 2013 WL 1296761. In *Quezada*, the employees were involuntarily summoned to a meeting with no explanation. *Id.* at *1. Once there, employees were confronted by defendant's counsel, interviewed, and given a declaration to sign then and there. *Id.* at *1–2. Defendant's counsel in *Quezada* told employees that the meeting was related to an "internal investigation." *Id.* at *5. In concluding that the declarations had been coerced,

Case 2:13-cv-07480-BRO-SS Document 70 Filed 12/12/14 Page 9 of 10 Page ID #:2528

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

the district court afforded great weight to the presence of defense counsel in addition to the involuntary nature of the meeting. *Id.* The court also considered that all but six employees signed the declarations as one factor pointing to coercion. *Id.* at *6.

Unlike in *Quezada*, where the employees received their declarations at mandatory meetings with defense counsel and understood them to regard an internal investigation, Javine sent the declaration to employees via email to be completed at their convenience, indicated that responses were voluntary, and stated clearly that the declaration regarded the case at bar. While the court in *Quezada* also found persuasive the declarants' overwhelming responsiveness to the declarations—a similar outcome to the one at hand—this similarity is not dispositive in light of the significantly more coercive atmosphere in *Quezada*. The declarants in *Quezada* made it known to the court that the defendant coerced them into signing the declarations, *id.*, whereas here all declarants testified that their declarations were voluntary with no undue influence from Defendant.

### ii. Settlement Agreements

Next, Plaintiff has not shown that Defendant failed to communicate the nature and purpose of settlement agreements entered into by potential class members. Plaintiff's discussion of the settlement agreements centers more on their validity and unconscionability than on whether Defendant fairly represented their content to potential class members. (*See* Pl.'s Mot. at 21–22.) In contrast, Defendant's employees clearly declare their understanding of the settlement agreements. (Robertson Decl. ¶ 5; Duerson Decl. ¶ 5; Hidle Decl. ¶ 6.) Because Plaintiff provides no evidence contradicting these statements, she has consequently failed to demonstrate that Defendant did not communicate the nature and purpose of the settlement agreements.

### iii. Opt-Out Notices

Finally, Plaintiff has failed to establish that Chris Javine's email regarding the *Belaire* notice was misleading or that it in any way undermined the opt-out process. In support of her argument to this effect, Plaintiff has produced only the text of the email. On its face, the email does not obfuscate the nature or purpose of the notices. Rather, its text explains in plain language that Defendant has objected to disclosing employees' personal information, that the court has ordered Plaintiff to afford employees an

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07480 BRO (SSx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LESLIE M. JAVINE V. SAN LUIS AMBULANCE SERVICE, INC. ET AL. | | |

opportunity to withhold that information, and that employees will soon receive a notice that they can return if they do not wish to communicate with Plaintiff. The Court is satisfied that Defendant's employees understand their right to communicate with Plaintiff any time they so wish. Additionally, Javine attached to his email the notice itself, which explained clearly its purpose as well as recipients' rights as potential class members.

The declarants in the instant case have stated on multiple occasions and in no uncertain terms that their intentions are to exclude themselves from Plaintiff's action and to assist Defendant. More importantly, Plaintiff has failed to carry her burden of production. As to the declarations, settlement agreements, and opt-out notices, the second factor also weighs against Plaintiff.

### 3. Third Factor: Defendant's Counsel Was Not a Party to Defendant's Communications

Lastly, the third factor is inapplicable as Defendant's counsel was not involved in any of the communications at issue. *See Quezada*, 2013 WL 1296761, at *4.

On this record, the Court sees no reason to limit either party's communications with potential class members at this time. For these reasons, Plaintiff's motion is **DENIED**.

## VI. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's motion for court intervention. The hearing scheduled for December 15, 2014 is **VACATED**.

**IT IS SO ORDERED.**

:

Initials of Preparer          rf