**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano, Bar No. 222286
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano, Bar No. 222331
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90036
Tel: (310) 322-2220
Fax: (310) 322-2228

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE M. JAVINE as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAN LUIS AMBULANCE SERVICE, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.  CV13-07480 BRO (SSx)<br><br>**PLAINTIFF'S OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT SAN LUIS AMBULANCE SERVICE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. PROC. 23 AND CONDITIONAL CERTIFICATION UNDER 29 U.S.C. § 216(B)**<br><br>Judge: Beverly Reid O'Connell<br>Date:   January 12, 2015<br>Time:  1:30 p.m.<br>Dept.:  14 |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

Plaintiff Leslie M. Javine ("Plaintiff") hereby submits the following objections to the declarations of Chris Javine (DE No. 65), and Joe Piedalue (DE No. 66) and exhibits attached thereto, and the supplemental Declaration of E. Sean McLoughlin (DE No. 69) and exhibits attached thereto.

## 1. DECLARATION OF FED. R. CIV. PROC. 30(B) (6) DEPONENT CHRIS JAVINE (DKT No. 65)

| Proffered Evidence | | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| 1. | P. 3, ¶7, lines 21-24: "It is my understanding that this method of compensation is permitted by the applicable federal regulations and by Section 3(K) of the Wage Order and has been approved of by at least one of California appeals court that was asked to review it more than two decades ago." | Improper opinion testimony (§§701-702) (non-expert witnesses must restrict their testimony to opinions that are rationally based on their perception, helpful to understanding their testimony or to determine a fact at issue, and not based on specialized knowledge); *United States v, Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704). | Sustained:___ Overruled:___ |
| 2. | P. 4, ¶10, lines 5-12: | Contradicts deposition | Sustained:___ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| "It is much easier for SLA to fill 24 hours shifts than it is to fill Day Car shifts, because when allowed to select their schedules, our full time EMTs and Paramedics most frequently schedule themselves for 24 hour shifts and seem to select consecutive 24 hour shifts whenever possible.  Based on what they have told me, I am informed and believe that our full time EMTs and Paramedics prefer to work 24 hour shifts because it allows them to compress their workweek into two or three days without decreasing their earnings, and gives them four or five days off in a row. These extended off duty | testimony of Defendant's 30(b)(6) witness. *Mitchell Eng'g v. City & Cnty. of S.F.*, 2010 WL 455290, at *1 (N.D. Cal. Feb.2, 2010) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."). Here, Defendant's 30(b)(6) deponent, Bobbie Finnegan, testified that Defendant ***requires*** full-time Paramedics and EMTs to work two scheduled 48-hour shifts every pay period. *See* DE No. 37 at Exh. A [Finnegan Depo at 20:17-22, 28:6-29:12, 30:21-31:25, 33:3-24, 36:18-37:8]. Indeed, all of the New | Overruled:___ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| schedules allow them to pursue other recreational, learning or economic activities." | Schedule Bids produced in discovery and authenticated by Ms. Finnegan (Finnegan Depo at 27:16-28:15) unambiguously state, "This schedule still mandates that all full-time employees will work two 48-hour shifts and one 24-hour shift per pay period." *See* DE No. 38 at Exh. E to the Baltodano Decl. [New Schedule Bids dated April 20, 2009, April 26, 2010, November 3, 2010, October 31, 2011, April 28, 2012, November 1, 2012, April 10, 2013, and November 12, 2013]. Inadmissible Hearsay under Fed. R. Evid. 801-804. because it is offered to prove the truth of the communication, i.e., putative class members only work 48-hour shifts to the | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | extent that they schedule themselves for 48-hour shifts, otherwise referred to by Defendant as "consecutive" 24-hour shifts. *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 527 F.Supp.2d 1053, 1064 (N.D. Cal. 2007) ("Although the named plaintiffs in this action are primarily concerned with a maximum financial recovery, a determination that current and former employees are entitled to overtime compensation would likely lead to changes within Wells Fargo that would benefit current employees going forward. In other words, defendants have not shown that current employees would be harmed by a successful class action. | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| | Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| | | Accordingly, the named plaintiffs satisfy the adequacy requirement of Rule 23(a).”). | |
| 3. | P. 4, ¶11, lines 13-23: “SLA is a member of the California Ambulance Association (“CAA”).  I receive periodic updates from CAA regarding legislative, regulatory and judicial developments affecting our industry and I am familiar with the practices used by many of our fellow CAA member companies to staff their ambulances.  The standard practice within the industry is to schedule ambulance drivers and attendants for 24 hour shifts of duty and to pay for all hours during such shifts, but not to pay daily | Conclusory; Improper opinion testimony (§§701-702) (non-expert witnesses must restrict their testimony to opinions that are rationally based on their perception, helpful to understanding their testimony or to determine a fact at issue, and not based on specialized knowledge); *United States v, Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704).  Inadmissible Hearsay under Fed. R. Evid. 801-804. because it is offered to | Sustained:___ Overruled:___ |

| | Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| | overtime.  Based on the information I have received from CAA over the years, I am informed and believe that California's labor laws and regulations specifically permit this practice in our industry for ambulance drivers and attendants as long as the employer and employee have an agreement for a 24 hour shift with scheduled meal and sleep times and the employer provides kitchen and dormitory facilities." | prove the truth of the communication, i.e., that information received from third-party organizations establishes that paying for all of the hours worked during a 24-hour shift complies with Section 3(K) of Wage Order 9, irrespective of complying with Section 3(K)'s meal and sleep period requirements. | |
| 4. | P. 5-6, ¶17, lines 26-7: "During the meetings, employees shared that they were already aware of the lawsuit and had located the lawsuit on the internet.  At every | Inadmissible Hearsay under Fed. R. Evid. 801-804. because it is offered to prove the truth of the communication, i.e., that putative class members do not want to participate in | Sustained:___ Overruled:___ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| **Proffered Evidence** | **Plaintiff's Objection** | **Court's Ruling** |
|---|---|---|
| meeting, one or more employees made statements to the effect that they did not want to be a part of the lawsuit, and asked if there was something they could do to avoid getting involved in it. During these meetings, full time employees also expressed concern about the possibility that the lawsuit might cause SLA to stop scheduling 24 hour shifts or stop allowing employees work consecutive 24 hour shifts. On this basis, I am informed and believe that Javine's lawsuit, which seeks in part to penalize SLA for scheduling consecutive 24 hour shifts without paying daily | this action to recover unpaid wages based on past and future wage and hour violations. Irrelevant to Plaintiff's adequacy under Rule 23. *See, e.g., Norris-Wilson v. Delta-T Group, Inc.*, 270 F.R.D. 596, 606 (S.D. Cal. 2010) ("the conflicts that Rule 23(a)(4) is concerned about are conflicts between the class representatives and other members of the putative class, not between those who do and don't think a lawsuit is a good idea in the first place. Just because potential class members disagree with the spirit of an action doesn't mean it shouldn't be certified"); Cal. Labor Code §1194(a) ("Notwithstanding any agreement to work for a | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| overtime, is against the interests of our current full time paramedic and EMT employees." | lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."); *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 960 (2005) ("Since minimum statutory labor standards are at issue here, the parties could not waive the required meal periods or rest breaks."); *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 527 F.Supp.2d 1053, 1064 (N.D. Cal. 2007) ("Although the named | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| | | plaintiffs in this action are primarily concerned with a maximum financial recovery, a determination that current and former employees are entitled to overtime compensation would likely lead to changes within Wells Fargo that would benefit current employees going forward. In other words, defendants have not shown that current employees would be harmed by a successful class action. Accordingly, the named plaintiffs satisfy the adequacy requirement of Rule 23(a).").  | |
| 5. | P. 6, ¶18, lines 18-21: "The employees who did return their answers to the company generally indicated that they were working in compliance | Inadmissible Hearsay under Fed. R. Evid. 801-804. because it is offered to prove the truth of the communication, i.e., Defendant's 24-hour shifts | Sustained:___ Overruled:___ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| | **Proffered Evidence** | **Plaintiff's Objection** | **Court's Ruling** |
|---|---|---|---|
| | with their 24 hour shift agreements and were taking their meal and rest breaks.  **Exhibit 8** is a true and correct copy of 70 employee declarations that were completed and returned." | comply with Section 3(K) of Wage Order No. 9 and the meal and rest period requirements set forth in the Labor Code and Wage Order 9-2001. | |
| 6. | P. 6, ¶20, lines 3-7: "More than 130 current and former paramedic and EMT employees of SLA who worked as ambulance drivers or attendants have accepted SLA's offer to compromise and who signed a settlement agreement and release agreements.  **Exhibit 9** is a true and correct copy of 132 of those settlement and release agreements that were previously produced, with the private residence address | Irrelevant under Rule 23 because consideration of affirmative defenses are improper at the class certification stage. *See Herrera v. LCS Financial Services Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011); 2 Newberg on Class Actions § 4:57 (5th ed.) ("Statute of limitations defenses—like damage calculations, affirmative defenses, and counterclaims—rarely defeat class certification."); *Hendershot v. Ready to Roll Transportation, Inc.*, 228 | Sustained:___ Overruled:___ |

11

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| information redacted to protect the privacy of the employee or ex-employee." | Cal.App.4th 1213, 1223 (2014) (at the class certification stage, it would be improper for court to rule on "the merits of the defendant's affirmative defenses" by concluding that only those employees who have not signed settlement agreements can be members of a class); *In re First American Corp. Erisa Litigation*, 258 F.R.D. 610, 618 (C.D. Cal. 2009) ("Section 404(c) is an affirmative defense that must be proven, and is not an appropriate basis to deny class certification."); *Tibble v. Edison Intern*, Case No. CV 07-5359 SVW (AGRx), 2009 WL 6764541 at *9 (C.D. Cal. June 30, 2009) ("Because the statute of limitations is an affirmative | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| | | defense, and at the class certification stage the Court must focus on the allegations in the complaint, a determination on the statute of limitations is premature at this point in the litigation.").   Also, the releases do not extinguish ongoing wage and hour violations.  *See Chindarah v. Pick Up Stix, Inc.*, 171 Cal.App.4th 796, 803 (2009). | |
| 7. | P. 7-8, ¶22, lines 19-20: "I have reviewed the personnel and payroll records of SLA, which are prepared and maintained in the normal course of business, and based upon the information contained in those records and the signed settlement and release agreements | Irrelevant under Rule 23 because it concerns Defendant's affirmative defenses. *See Herrera v. LCS Financial Services Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011); 2 Newberg on Class Actions § 4:57 (5th ed.) ("Statute of limitations defenses—like damage calculations, | Sustained:___ Overruled:___ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| **Proffered Evidence** | **Plaintiff's Objection** | **Court's Ruling** |
|---|---|---|
| received by SLA, I am able to state the number of individuals who were and/or employed as paramedic or EMT ambulance drivers and attendants by SLA during the various periods of time and who have not signed a settlement agreement and release agreement and/or arbitration agreement opting out of participation in this lawsuit.  Those numbers are as follow:<br><br>(a) Other than the named plaintiffs (Javine and Stewart), there exist only 8 individuals who are or were employed as paramedics or EMTs after January 12, 2012 and earned any "bonus" payments during the workweek in which they | affirmative defenses, and counterclaims—rarely defeat class certification."); *Hendershot v. Ready to Roll Transportation, Inc.*, 228 Cal.App.4th 1213, 1223 (2014) (at the class certification stage, it would be improper for court to rule on "the merits of the defendant's affirmative defenses" by concluding that only those employees who have not signed settlement agreements can be members of a class); *In re First American Corp. Erisa Litigation*, 258 F.R.D. 610, 618 (C.D. Cal. 2009) ("Section 404(c) is an affirmative defense that must be proven, and is not an appropriate basis to deny class certification."); *Tibble v. Edison Intern*, Case No. | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| worked any weekly overtime and who have not signed any agreements opting out of any collective action and instead agreeing to submit any FLSA claims to individual arbitration.  If the cutoff date of January 12, 2013 is used instead, that number drops to just five.<br><br>(b)  Other than the named plaintiffs (Javine and Stewart), there exist only 13 individuals who are or were employed as paramedics or EMTs after October 9, 2012 and who have not signed settlement and release agreements.  One of those individuals never | CV 07-5359 SVW (AGRx), 2009 WL 6764541 at *9 (C.D. Cal. June 30, 2009) ("Because the statute of limitations is an affirmative defense, and at the class certification stage the Court must focus on the allegations in the complaint, a determination on the statute of limitations is premature at this point in the litigation.").  Also, the releases do not extinguish ongoing wage and hour violations.  *See Chindarah v. Pick Up Stix, Inc.*, 171 Cal.App.4th 796, 803 (2009).  Regarding the arbitration agreements, Plaintiff filed this lawsuit in October 2013, before any current employees purportedly became subject to SLA's mandatory | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| worked a 24 hour shift and never earned any "bonus" compensation. Three others have agreed to be bound by SLA's Mutual Arbitration Policy requiring them to submit any California wage and hour claim s to individual arbitration.<br><br>(c) Other than the named plaintiffs (Javine and Stewart), there exist only 9 individuals who are or were employed as paramedics or EMTs after October 9, 2012 and who have not signed settlement and release agreements or agreements.  One of those nine individuals never worked a 24 | arbitration policy.  Thus, the claims are not subject to arbitration because they accrued before December 2013, the first date when SLA required arbitration for current employees. *See Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal.App.4th 50, 61 (2013)("an employer may not make unilateral changes to an arbitration agreement that apply retroactively to "accrued or known" claims because doing so would unreasonably interfere with the employee's expectations regarding how the agreement applied to those claims.")(citations omitted). Moreover, although SLA asserts that Plaintiff purportedly agreed to arbitrate all employment- | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| hour shift and never earned any "bonus" compensation. Three others have agreed to be bound by SLA's Mutual Arbitration Policy requiring them to submit any California wage and hour claims to individual arbitration.<br><br>(d)  Other than the named plaintiffs (Javine and Stewart), there exist only 10 individuals who were employed as paramedics or EMTs between October 9, 2010 and October 9, 2013 and who have not signed settlement and release agreements.  Four of those ten individuals never worked consecutive 24 hour shifts in a single | related claims as early as 2007 (*see* DE No. 69 at 2:10-14), SLA has never moved to compel arbitration since Plaintiff filed this lawsuit fourteen months ago, causing the parties to engage in written and deposition discovery and law and motion practice.  Thus, SLA's inexplicable delay "demonstrates a conscious decision to seek judicial judgment on the merits of [Plaintiff's] class certification motion." *Kingsbury v. U.S. Greenfiber, LLC*, Case No. CV08–00151–AHM (AGRx), 2012 WL 2775022 at *6 (C.D. Cal. June 29, 2012); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1068 (C.D. Cal. 2011) (holding that | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| **Proffered Evidence** | **Plaintiff's Objection** | **Court's Ruling** |
|---|---|---|
| workweek and also never earned any "bonus" compensation." | employer in class action waived arbitration because it "waited more than a year to request arbitration"). As in *Kingsbury*, Plaintiff "has been the putative class representative ever since the case was filed. In this capacity, [Plaintiff] and [her] lawyers were attempting to vindicate not only [Plaintiff's] interests but also the interests of other unrepresented class members. By waiting until *after* class certification to raise the issue of arbitration, [SLA] has prejudiced those interests." *Id.* | |

///

///

## DECLARATION OF FED. R. CIV. PROC. 30(B) (6) DEPONENT JOE PIEDALUE (DKT No. 66)

| Proffered Evidence | | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| 1. | P. 3, ¶8, lines 3-4: | Contradicts deposition | Sustained:____ |

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| "While this schedule does not necessarily require an ambulance driver or attendant to work consecutive 24 hour shifts, in practice staff most frequently select 24 hour shifts whenever possible." | testimony of Defendant's 30(b)(6) witness. *Mitchell Eng'g v. City & Cnty. of S.F.*, 2010 WL 455290, at *1 (N.D. Cal. Feb.2, 2010) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.").  Here, Defendant's 30(b)(6) deponent, Bobbie Finnegan, testified that Defendant *requires* full-time Paramedics and EMTs to work two scheduled 48-hour shifts every pay period. *See* DE No. 37 at Exh. A [Finnegan Depo at 20:17- | Overruled:____ |

19

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | 22, 28:6-29:12, 30:21-31:25, 33:3-24, 36:18-37:8].   Indeed, all of the New Schedule Bids produced in discovery and authenticated by Ms. Finnegan (Finnegan Depo at 27:16-28:15) unambiguously state, "This schedule still mandates that all full-time employees will work two 48-hour shifts and one 24-hour shift per pay period." *See* DE No. 38 at Exh. E to the Baltodano Decl. [New Schedule Bids dated April 20, 2009, April 26, 2010, November 3, 2010, October 31, 2011, April 28, 2012, November 1, 2012, April 10, 2013, and November 12, 2013]. *In re Wells Fargo Home Mortg. Overtime Pay* | |

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | *Litigation*, 527 F.Supp.2d 1053, 1064 (N.D. Cal. 2007) ("Although the named plaintiffs in this action are primarily concerned with a maximum financial recovery, a determination that current and former employees are entitled to overtime compensation would likely lead to changes within Wells Fargo that would benefit current employees going forward.  In other words, defendants have not shown that current employees would be harmed by a successful class action. Accordingly, the named plaintiffs satisfy the adequacy requirement of Rule 23(a)."). | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| | Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| 2. | P. 3, ¶9, lines 6-15: "Over the years, I have spoken to our paramedics and EMTs about why they choose to work consecutive 24 hours shifts, and they have offered numerous reasons.  First, by working consecutive 24 hours shifts, full-time employees can compress their working time and expand their consecutive days off (they average 20 days off per month).  This allows many of our EMT and paramedic employees to hold other employment, to run small businesses, to travel, to coach their children's sports or volunteer at their children's schools, etc. Second, because the schedule is static (i.e. the same workdays week-to- | Contradicts deposition testimony of Defendant's 30(b)(6) witness. *Mitchell Eng'g v. City & Cnty. of S.F.*, 2010 WL 455290, at *1 (N.D. Cal. Feb.2, 2010) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.").  Here, Defendant's 30(b)(6) deponent, Bobbie Finnegan, testified that Defendant *requires* full-time Paramedics and EMTs to work two scheduled 48-hour shifts every pay period. *See* DE No. 37 at Exh. A | Sustained:_____ Overruled:_____ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| week) for periods of six months at a time, some of our employees attend college knowing that their schedule will not interfere with the days that they need to be in school." | [Finnegan Depo at 20:17-22, 28:6-29:12, 30:21-31:25, 33:3-24, 36:18-37:8].   Indeed, all of the New Schedule Bids produced in discovery and authenticated by Ms. Finnegan (Finnegan Depo at 27:16-28:15) unambiguously state, "This schedule still mandates that all full-time employees will work two 48-hour shifts and one 24-hour shift per pay period." *See* DE No. 38 at Exh. E to the Baltodano Decl. [New Schedule Bids dated April 20, 2009, April 26, 2010, November 3, 2010, October 31, 2011, April 28, 2012, November 1, 2012, April 10, 2013, and November 12, 2013]. Inadmissible Hearsay | |

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | under Fed. R. Evid. 801-804 because it is offered to prove the truth of the communication, i.e., to the extent that putative class members work 48-hour shifts it is because they schedule themselves for 48-hour shifts, otherwise referred to by Defendant as "consecutive" 24-hour shifts. *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 527 F.Supp.2d 1053, 1064 (N.D. Cal. 2007) ("Although the named plaintiffs in this action are primarily concerned with a maximum financial recovery, a determination that current and former employees are entitled to overtime compensation would likely lead to | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | changes within Wells Fargo that would benefit current employees going forward.  In other words, defendants have not shown that current employees would be harmed by a successful class action. Accordingly, the named plaintiffs satisfy the adequacy requirement of Rule 23(a).”). | |
| 3. | P. 3, ¶10, lines 16-24: "SLA is a member of the California Ambulance Association and I am familiar with the practices used by many of our fellow CAA member companies to staff their ambulances.  The standard practice within the industry, including ambulance service providers whose employees | Improper opinion testimony (§§701-702) (non-expert witnesses must restrict their testimony to opinions that are rationally based on their perception, helpful to understanding their testimony or to determine a fact at issue, and not based on specialized knowledge); *United States* | Sustained:____ Overruled:____ |

| | Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|---|
| | are covered by collective bargaining agreements, is to schedule ambulance drivers and attendants for 24 hour shifts of duty as permitted by the applicable wage order and to pay for all hours during such shifts, rather than trying to track whether their ambulance crews get more than five hours of uninterrupted sleep each shift.  I cannot think of a single ambulance service company in California that pays based on 13 hours during a 24 hour shift." | *v, Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704); Wage Order 9-2001, §7(A)(3), requires that Defendant maintain a record of when meal periods are taken. | |
| 4. | P. 3-4, ¶11, lines 25-5: "Although the applicable wage order would permit SLA to pay its 24 hour shift employees only for 13 hours worked by tracking and excluding sleep time of up to eight hours per shift | Improper opinion testimony (§§701-702) (non-expert witnesses must restrict their testimony to opinions that are rationally based on their perception, helpful to understanding their | Sustained:____ Overruled:____ |

26

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| and by excluding all three one hour meals, the additional administrative burden and record keeping necessary to verify whether and when sufficient, uninterrupted meal periods and sleep periods were taken would be onerous. | testimony or to determine a fact at issue, and not based on specialized knowledge); *United States v, Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704); Wage Order 9-2001, §7(A)(3), requires that Defendant maintain a record of when meal periods are taken. | |
| 5. P. 4, ¶12, lines 24-28: "Because SLA's employees on standby are not subject to the company's control and can largely go about their lives and personal business without restriction unless and until paged, it is my understanding that the time is noncompensable | Improper opinion testimony (§§701-702) (non-expert witnesses must restrict their testimony to opinions that are rationally based on their perception, helpful to understanding their testimony or to determine a fact at issue, and not | Sustained:_____ Overruled:_____ |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| under federal regulations or California law and any payment SLA chooses to make for such standby time is not wages." | based on specialized knowledge); *United States v, Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704); 29 C.F.R. §778.223 (stating that on-call pay must be included in the regular rate). | |

**SUPPLEMENTAL DECLARATION OF E. SEAN MCLOUGHLIN (DKT No. 69)**

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| 1. P.2 , ¶4, lines 19-22: "Plaintiff Javine believes it is a conflict of interest for her to try to force Defendant's employees who have voluntarily signed settlement and release agreements or | Improper opinion testimony (§§701-702) (non-expert witnesses must restrict their testimony to opinions that are rationally based on their | Sustained:____ Overruled:____ |

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| agreements to arbitrate to nevertheless participate in her lawsuit in this Court [Exh. 6, pp. 20-22]. | perception, helpful to understanding their testimony or to determine a fact at issue, and not based on specialized knowledge); *United States v, Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704).  Moreover, there is "no authority for the proposition that an affirmative defense, which may affect some members of the class, creates a conflict that otherwise defeats the adequacy of a proposed class representative." | |

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | *See Barnes v. AT & T Pension Benefit Plan,* 270 F.R.D. 488, 495 (N.D.Cal. 2010). Indeed, Plaintiff filed this lawsuit in October 2013, before any current employees purportedly became subject to SLA's mandatory arbitration policy.  Thus, the claims are not subject to arbitration because they accrued before December 2013, the first date when SLA required arbitration for current employees. *See Avery v. Integrated Healthcare Holdings, Inc.*, 218 Cal.App.4th 50, 61 (2013)("an employer may not make unilateral | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | changes to an arbitration agreement that apply retroactively to "accrued or known" claims because doing so would unreasonably interfere with the employee's expectations regarding how the agreement applied to those claims.")(citations omitted).  Similarly, Plaintiff filed this lawsuit before any releases were signed by putative class members, and the releases do not extinguish ongoing violations. *See Chindarah v. Pick Up Stix, Inc.*, 171 Cal.App.4th 796, 803 (2009).  *In re Wells* | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | *Fargo Home Mortg. Overtime Pay Litigation*, 527 F.Supp.2d 1053, 1064 (N.D. Cal. 2007) ("Although the named plaintiffs in this action are primarily concerned with a maximum financial recovery, a determination that current and former employees are entitled to overtime compensation would likely lead to changes within Wells Fargo that would benefit current employees going forward.  In other words, defendants have not shown that current employees would be harmed by a successful | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION

| Proffered Evidence | Plaintiff's Objection | Court's Ruling |
|---|---|---|
| | class action. Accordingly, the named plaintiffs satisfy the adequacy requirement of Rule 23(a).").  | |

Respectfully submitted,

Dated:  December 19, 2014          BALTODANO & BALTODANO LLP


By:    ____/s/ Hernaldo J. Baltodano_____
       Hernaldo J. Baltodano
       Attorneys for Plaintiff, the Putative Classes
       and Aggrieved Employees

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO PURPORTED EVIDENCE SUBMITTED BY DEFENDANT
IN OPPOSITION TO MOTION FOR CLASS AND CONDITIONAL CERTIFICATION